UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ENGJELLUSH BUKILICI           :   Civ. No. 3:15CV01777(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,[1]            :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION                :   May 7, 2020
                              :
------------------------------x
```

**ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A FINAL MOTION OR FOR PAYMENT OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b) [Doc. #29]**

Counsel for plaintiff Engjellush Bukilici ("plaintiff") has filed a motion seeking "an extension of time in which to file her motion under 42 U.S.C. §406(b), or for equitable tolling of the deadlines." Doc. #29 at 1.[2] Plaintiff's counsel further requests that the Court construe her motion as a final motion for attorney's fees, and asks the Court to approve "an attorney's fee for $12,426.25 for services before the U.S. District order[.]" Id. at 4 (sic). Defendant, Andrew M. Saul, Commissioner of the Social Security Administration (hereinafter

---

[1] Andrew M. Saul was confirmed as Commissioner of the Social Security Administration on June 4, 2019. He is now the proper defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g). The Clerk of the Court is directed to update the docket accordingly.

[2] In spite of this language, counsel makes no substantive argument in support of equitable tolling. The Court therefore does not consider equitable tolling herein.

1

the "defendant" or the "Commissioner"), has filed a response to plaintiff's motion. [Doc. #30]. Pursuant to this Court's April 8, 2020, Order [Doc. #32], plaintiff's counsel has filed a reply to defendant's response. [Doc. #33].

For the reasons set forth below, the Motion for Extension of Time to File a Final Motion or for Payment of Attorney's Fees Pursuant to 42 U.S.C. §406(b) [**Doc. #29**] is **GRANTED**, to the extent that plaintiff's counsel seeks an extension of time to file her final Section 406(b) application.

1.  **Background**

On December 2, 2015, plaintiff filed this action seeking review of the Commissioner's decision denying her application for Disability Insurance Benefits. [Doc. #1]. On July 18, 2016, plaintiff filed a motion to reverse the decision of the Commissioner. [Doc. #14]. On September 16, 2016, defendant filed a cross motion to affirm the decision of the Commissioner. [Doc. #16]. On December 14, 2017, the parties filed a Consent to Jurisdiction by United States Magistrate Judge, and the case was thereafter assigned to Judge Donna F. Martinez. [Doc. #23]. On September 25, 2018, Judge Martinez granted plaintiff's motion to reverse, and denied defendant's motion to affirm. [Doc. #24]. Judgment entered in favor of plaintiff on the same date. [Doc. #25].

On November 30, 2018, plaintiff's counsel filed a motion for attorney's fees pursuant to the Equal Access to Justice Act. [Doc. #26]. Defendant timely filed an opposition to that motion. [Doc. #27]. On October 4, 2019, Judge Martinez granted the motion for attorney's fees, in part, and awarded plaintiff's counsel $8,931.30 in attorney's fees. See Doc. #28.[3]

On March 15, 2020, plaintiff's counsel filed the motion now before the Court. [Doc. #29]. Counsel seeks an extension of time by which to file her motion for attorney's fees pursuant to 42 U.S.C. §406(b).[4] See id. On April 6, 2020, defendant filed a response to counsel's motion. [Doc. #30]. In pertinent part, defendant asserts that the motion "is untimely filed[.]" Id. at 3. In support of that assertion, defendant relies on the recent Second Circuit case, Sinkler v. Berryhill, 932 F.2d 83 (2d Cir. 2019). See Doc. #30 at 3. Nevertheless, defendant "defers to the Court as to whether" the filing of the motion "was appropriate

---

[3] Judge Martinez is now a recalled Magistrate Judge, and does not handle Social Security matters. Accordingly, on April 1, 2020, this matter was transferred to the undersigned. [Doc. #31].

[4] The Court does not consider the instant motion as a Section 406(b) application given counsel's position that the question of fees is not yet ripe. Additionally, were this Court to treat counsel's motion as her Section 406(b) application, any award might have to be modified in the future. See Doc. #33 at 11. Accordingly, in the interest of both efficiency and judicial economy, the Court declines to address the question of plaintiff's counsel's entitlement to Section 406(b) fees until the SSA 1560 petition has been adjudicated.

and/or preserved Plaintiff's counsel's right to Section 406(b) fees under the standard set forth in Sinkler." Id.

On April 8, 2020, the Court entered an Order requiring plaintiff's counsel to file a reply addressing the applicability of Sinkler and defendant's contention that counsel's motion is untimely. See Doc. #32. In her reply, counsel "acknowledges that her 406(b) motion was filed 1 month outside the Rule 54 14-day deadline, and asks the court to determine that circumstances warrant extending the time for filing the motion and for filing an extension of time." Doc. #33 at 1.

## 2. Applicable Law

Section 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" Sinkler, 932 F.3d at 86 (quoting 42 U.S.C. §406(b)(1)(A)).

Sinkler resolves the question of which filing deadline applies to Section 406(b) applications -- the fourteen-day post-judgment filing deadline set forth in Rule 54(d)(2)(b), or the "reasonable period" set forth in Rule 60. Id.[5] The Second Circuit

---

[5] Rule 54 provides: "Unless a statute or a court order provides otherwise, the motion must: be filed no later than 14 days after

4

concluded that Rule 54's fourteen-day filing deadline applies to Section 406(b) applications, but "the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award." Sinkler, 932 F.3d at 85; see also id. at 88 ("Once counsel receives notice of the benefits award — and, therefore, the maximum attorney's fees that may be claimed — there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a §406(b) filing, just as it would apply to any other final or appealable judgment."). Therefore, "the district court may await conclusion of the remand proceedings to consider a §406(b) attorney's fee application." Id. at 86.

The Second Circuit nonetheless recognized that Rule 54's fourteen-day filing period "is not absolute[]" and "expressly states that the specified period applies unless a statute or a court order provides otherwise." Id. at 89 (citation and quotation marks omitted). Accordingly, "district courts are empowered to enlarge that filing period where circumstances warrant[,]" and the Second Circuit "will generally defer to a district court in deciding when such an alteration is appropriate in a particular case[.]" Id.

---

the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(D)(i). By contrast, a motion brought under subsection (b) of Rule 60 "must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1).

5

**3.    Discussion**

The Court first addresses the question of when plaintiff's counsel received the notice of award.

Plaintiff states that "on February 9, 2020 the Social Security Administration issued a Notice of Award, finding that the Plaintiff was due a back award of benefits in the amount of $49,705.00[.]" Doc. #29 at 2 (sic). Plaintiff's counsel asserts that she received the notice of award by mail on February 14, 2020. See id. In the same submission, however, counsel later states that she received the Notice of Award "on or about February 15, 2020." Id. at 3. In her reply brief, plaintiff's counsel claims she "received a notice of award requesting that counsel seek approval of fees via a fee petition on February 20, 2020." Doc. #33 at 4. In her original motion, however, plaintiff's counsel asserts: "The petition to charge a fee for agency work was promptly submitted to the Social Security Administration on February 20, 2020[.]" Doc. #29 at 3. Given these discrepancies, on April 28, 2020, the Court entered an Order requiring that "on or before the close of business on May 1, 2020, counsel for plaintiff ... file a copy of the notice of award she received in this case." Doc. #34 (emphasis removed).

On April 29, 2020, counsel for plaintiff filed a response to the Court's April 28, 2020, Order stating: "The best of counsel's recollection is that the notice was actually received

6

sometime after mailing on or about February 14, 2020 or February 15, 2020." Doc. #35 at 1 (sic). A copy of the notice of award, however, was not attached to that filing.

On April 30, 2020, the Court entered an Order noting that plaintiff's response had failed to attach a copy of the notice of award, and requiring that counsel for plaintiff file a copy of that document. See Doc. #36. On May 1, 2020, counsel for plaintiff filed a copy of the notice of award. [Doc. #37]. The notice of award reflects two dates, February 4, 2020, and February 9, 2020. See id. at 4-5.

Giving plaintiff's counsel the benefit of the doubt, the Court presumes that plaintiff's counsel received the notice of award on February 14, 2020, which is five days after February 9, 2020. See 20 C.F.R. §404.1703; accord Viator v. Comm'r of Soc. Sec., No. 15CV6658(FPG), 2019 WL 1252964, at *2 (W.D.N.Y. Mar. 19, 2019) ("It is presumed that a recipient of a mailed communication from the SSA received it within five days of the date on the notice.").

Under Rule 54, counsel's Section 406(b) application was due on or before February 28, 2020. See Fed. R. Civ. P. 54(d)(2)(B). Pursuant to this District's Local Rules, any motion seeking to extend that deadline was due at least three days before February 28, 2020, i.e., on February 25, 2020. See D. Conn. L. Civ. R. 7(b)3. ("All motions for extension of time shall be filed at

7

least three (3) days before the deadline sought to be extended[.]"); see also D. Conn. L. Civ. R. 6 ("Except as otherwise specified in these Local Rules or by order of the Court, Fed. R. Civ. P. 6 shall govern the computation of time limitations for purposes of computing any period of time prescribed or allowed by ... the Local Rules of this Court[.]"). Plaintiff's counsel filed the motion for extension of time on March 15, 2020 -- sixteen days after the filing deadline for a Section 406(b) application, and nineteen days after the filing deadline for a motion to extend.

The Court first considers whether it should allow plaintiff's counsel to untimely file a Section 406(b) application. Plaintiff asserts that an extension of the filing deadline is required

> [b]ecause the petition to charge a fee for agency work [under 42 U.S.C. §406(a)] has not yet been decided, [and therefore] the total compensation for all administrative and court attorney's fees that are ordinarily disclosed in motions under 42 U.S.C. §406(b), translated into an one overall or final hourly rate for both representation before the Social Security Administration and the United States District Court, cannot be ascertained or considered by this Court.

Doc. #29 at 3. Counsel continues that it is

> customary in Connecticut for petitioners under 42 U.S.C. §406(b) to disclose the total of both administrative attorney's fees and attorney's fees for Court representation ... so that the Court can consider and approve of the attorney's hourly rate and the fairness of total compensation.

8

Id.

In reply, plaintiff's counsel elaborates on this line of argument, contending that the Section 406(b) application "is not yet ripe." Doc. #33 at 3. Counsel states:

> Here, although there is a notice of award, unlike in Sinkler, that notice of award did not settle the matter of fees, because of the two methods of obtaining fee approval for services before the Social Security Administration. Counsel may use the streamlined approval process and/or may submit a fee petition, a form SSA 1560 to the Administrative Law Judge who ruled on the case. Generally, the administrative expense of submitting an SSA 1560 fee petition is a serious burden and poses a barrier to obtaining compensation. In contrast, the streamlined 406(a) approval process does not require submitting a fee petition, relieving counsel and judges of the expense, time burdens and delays that attend fee petitions. This saves hours of labor, energy, attention and months or years of accounting.
>
> In Ms. Bukilici's case, counsel received a notice of award requesting that counsel seek approval of fees via a fee petition on February 20, 2020. A fee petition was necessary in order for counsel to be compensated for representation before the agency. However, the submission of an SSA 1560 fee petition under 406(a) imposed a significant time commitment and administrative burden on counsel, as it always does on claimant's representatives.

Doc. #33 at 4-5. In sum, plaintiff's counsel argues: "Until there is a ruling on the claimant's SSA 1560 petition, the plaintiff's 406(b) motion cannot state the amount sought or provide a fair estimate of it [] which is customary and so far,

9

appears to be a compulsory disclosure in 406(b) motions." Id. at 5 (citation and quotation marks omitted)).[6]

As previously sated, district courts may "enlarge the filing period where circumstances warrant" and the Second Circuit will "generally defer to a [lower court] in deciding when such an alteration is appropriate." Sinkler, 932 F.3d at 89-90. Such an extension is warranted here for several reasons.

First, counsel's Section 406(b) application is not ripe because her SSA 1560 petition has yet to be adjudicated. As the Second Circuit acknowledged in Sinkler, "the district court may await conclusion of the remand proceedings to consider a §406(b) attorney's fee application." Id. at 86. Presumably, if counsel's SSA 1560 petition remains outstanding, the remand proceedings have not entirely concluded.

Second, had the Court construed counsel's current motion as a Section 406(b) application, it would have found that it was timely under the discretionary provision of Rule 54(d). Here, the motion was filed sixteen days "after the fourteen-day deadline -- a short delay in marked contrast to the six-month

---

[6] Plaintiff's counsel also attempts to assert broader policy-based arguments concerning the impact of Sinkler and the filing of Section 406(b) applications. See generally Doc. #33 at 10-11. The Court does not reach those arguments. The Court's task is to determine whether to permit the untimely filing of counsel's Section 406(b) application under the circumstances of this "particular case[.]" Sinkler, 932 F.3d at 89.

delay in Sinkler." Lesterhuis v. Comm'r of Soc. Sec., 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019). Also unlike counsel in Sinkler, here counsel "has offered a justification for the short delay in filing the pending motion." Id. Accordingly, like other courts in this Circuit, the Court will exercise its discretion and allow plaintiff's counsel to file her Section 406(b) application outside the fourteen-day filing deadline. See, e.g., id.; see also Randolph v. Saul, No. 17CV6711(BCM), 2020 WL 1819933, at *2 (S.D.N.Y. Apr. 10, 2020); Almodovar v. Saul, No. 16CV7419(GBD)(SN), 2019 WL 7602176, at *2 (S.D.N.Y. Oct. 4, 2019), report and recommendation adopted, 2019 WL 6207784 (Nov. 21, 2019).

Next, the Court addresses the untimely filing of the motion for extension of time. To reiterate, plaintiff's motion for extension of time was due on or before February 25, 2020. See D. Conn. L. Civ. R. 7(b)3. Counsel asserts that she did not timely file the motion for extension of time because she needed to prepare the SSA 1560 petition, which "requires hours of careful file review and assembly of supporting documentation." Doc. #33 at 4-5; see also id. at 8 ("The time and attention required for filing for 406(a) fees derailed and inadvertently delayed filing a motion for extension of time and 406(b) motion.").

Under other circumstances, the Court would summarily deny a motion for extension of time that had been filed more than two

11

weeks <u>after</u> an expired deadline. However, under the circumstances of this particular case, and because the Court will allow counsel to file her Section 406(b) application outside of the fourteen-day filing deadline, it follows that the Court will grant the motion seeking that extension of time. Were the Court to deny this motion, it would effectively deny counsel her entitlement to Section 406(b) fees and could dissuade counsel from representing other claimants in the future.

Accordingly, the Court **GRANTS** plaintiff's counsel's motion, to the extent that she seeks an extension of time to file a final motion for the payment of attorney's fees pursuant to 42 U.S.C. §406(b). Counsel for plaintiff shall file her final Section 406(b) application within 30 days of receiving any notice concerning the award of Section 406(a) fees.

**However, plaintiff's counsel is hereby on notice that pursuant to <u>Sinkler</u>, she <u>must</u> file <u>all</u> future Section 406(b) applications within Rule 54(d)'s fourteen-day deadline, unless she can demonstrate a valid reason for an untimely filing (such as a delay in receiving the notice of award). Alternatively, where, as here, plaintiff must first resolve the question of her Section 406(a) fees before filing a Section 406(b) application, then plaintiff's counsel <u>must</u> file a motion for extension of time that complies with Local Rule 7(b). That is, any such**

**motion for extension of time must be filed three days in advance of the fourteen-day filing deadline provided for in Rule 54(d).**

### 4. Conclusion

For the reasons stated, the Motion for Extension of Time to File a Final Motion or for Payment of Attorney's Fees Pursuant to 42 U.S.C. §406(b) [**Doc. #29**] is **GRANTED**, to the extent that plaintiff's counsel seeks an extension of time to file her final Section 406(b) application. Counsel for plaintiff shall file her final Section 406(b) application within 30 days of receiving any notice concerning the award of Section 406(a) fees.

SO ORDERED at New Haven, Connecticut, this 7th day of May, 2020.

                                      /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE